L. T. PARKS v. O. C. SILER and others.

*Partition — Tenant by the curtesy.*

The Courts have no power to order a sale of land for partition, when one of the defendants interested therein is tenant by the curtesy and objects to the sale.

SPECIAL PROCEEDING commenced before the Clerk of the Superior Court of RANDOLPH County, and heard at Fall Term, 1876, of said Court, before *Kerr, J.*

William Rains died in Randolph County in 1864. He devised his lands by will to his wife Milly for life, remainder to America and Caroline, his daughters.

America married the defendant, O. C. Siler. The children by this marriage were the other defendants, N. J. Siler, W. Siler, Martha Siler (now Brooks) and Mary Siler, a minor. America (Mrs. Siler) died in 1867. One half of the lands descended to her children, subject to the life estate of O. C. Siler. Caroline married H. B. Allen and died in 1874 without children, and thereupon the other half of the lands descended to the said children of America Siler, who were the nieces and nephews of said Caroline. Milly Rains, the wife of the devisor, died in 1876.

The plaintiff insisted that each of the said children was entitled to one fourth of the whole tract of land, as tenants in common (subject to the life estate of defendant, O. C. Siler, in one-half thereof). N. J. Siler and W. Siler sold their interest in said lands to the plaintiff, who then claimed to be the owner of one-half of the land and filed a petition praying that the land be sold and the proceeds divided among the parties entitled.

The defendants in their answer deny the necessity of a sale for partition and allege that actual partition can be had without serious injury to the parties interested and pray the Court for an order for partition by metes and bounds.

On motion of the defendants, His Honor dismissed the proceeding, on the ground that O. C. Siler was entitled to a life estate as tenant by the curtesy in an undivided half of said lands.

*Mr. J. A. Gilmer*, for the plaintiff, cited *Ledbetter* v. *Gash*, 8 Ire. 462 ; *Hassell* v. *Mizell*, 6 Ire. Eq. 392 ;. *Gash* v. *Ledbetter*, 6 Ire. Eq. 183 ; *Holmes* v. *Holmes*, 2 Jones Eq. 344, and *McEachern* v. *Gilchrist*, 75 N. C. 196.

No counsel for the defendants.

PARKS *v.* SILER.

PEARSON, C. J. The petition was for the sale of land for the purpose of partition. The defendants object to a *sale* for partition, on the ground that the defendant Siler is tenant by the curtesy in one undivided moiety of the land ; but do not object to an *actual partition* so that each moiety may be held in severalty.

His Honor was of opinion that the plaintiff had no right to an order of sale and dismissed the proceeding. We concur in this opinion. At the common law " coparceners" might compel partition by original writ, when the parceners were seized of the land and the one was a good "tenant to the *præcipe*"; but if a freehold estate intervened as an estate by curtesy or other life estate, the writ did not lie because there could be no tenant of the *præcipe* In the case of dower a partition could be made subject to the widow's right, her dower being first assigned by metes and bounds and the partition had with respect thereto.

Joint tenants and tenants in common could not compel partition except by statute which authorizes the Court to compel partition in like manner as between coparceners.

It was afterwards provided by statute that the Court might order *a sale* for the purpose of partition, instead of an actual partition, when the interest of the parties would be promoted thereby. And it is provided that a widow entitled to dower may join in the application and receive her third in money or a corresponding part absolutely, in lieu of a life estate. This leaves the election to the widow, whether to enjoy her dower specifically by metes and bounds as a home or to take compensation in money.

In regard to a tenant by the curtesy or to one entitled to a homestead, there is no statutory provision for the plain reason that it was presumed that persons entitled to these estates would prefer to have "a house and home," and would not elect to take compensation in money. For instance, one entitled to a life estate as tenant by the curtesy or as a home-

stead could hardly be supposed to be willing to let his estate be sold and take compensation in its money. value. Leave your house and home and take the interest on $1,000 during life, is a proposition that would be rejected by every tenant by the curtesy and by every person entitled to a homestead.

The question is, can the Court compel them to agree to a sale? The Court had no such power at common law and there is no statute which confers it.

There is no error.

PER CURIAM.                                    Judgment affirmed.