S. D. BRAGG et al. v. E. B. LYON et al.

## Partition—Jurisdiction of Clerk.

1. The Courts have no power to order a sale of land for partition where one of the parties interested is a tenant by the courtesy and objects to the sale.

2. Nor have they the power to direct an *actual partition* as to some of the shares, and a *sale* and *partition* of the remainder.

3. The clerks of the Superior Courts have no equity jurisdiction in respect to partition, except that which is specially conferred by statute. The Code, §§1903 and 1904.

(*Parks* v. *Siler*, 76 N. C., 191, cited and approved).

This was a SPECIAL PROCEEDING for Partition, heard before *Gilmer, J.*, at Fall Term, 1885, of GRANVILLE Superior Court, upon an appeal from the order of the clerk directing a partition of some and a sale of the other lands mentioned in the pleadings.

The petition alleges that the land described in the petition, embracing nine acres, on which there was situate a grist-mill, saw-mill, carding machine and water power, was owned by William Bragg, James B. Floyd and Amanda, wife of Edward B. Lyon, as tenants in common; that William Bragg having died, the plaintiffs are his heirs-at-law, and Edward B. Lyon, tenant by the courtesy, his wife being dead, and their children and the said James B. Floyd are defendants.

The petitioners pray that the land be sold for partition, for the reason that there are so many parties interested in the partition, and such was the nature of the property that an actual partition cannot be made without material injury to some or all of the parties concerned, and that the interests of all would be materially promoted by a sale for the purpose of partition.

It appearing that Pattie N. Lyon, one of the defendants, was a minor, her father, Edward B. Lyon, was appointed her guardian *ad litem*, who, answering, admitted the statements in the petition, except that the interest of all parties would be promoted by a sale, which was denied.

The defendant Edward B. Lyon, answering for himself, making similar admissions and denials, and for a further defence he said, that he was a tenant by the courtesy of his wife's (Amanda A. Lyon) one-third part of said land and mills, and that he would be greatly injured by a sale thereof, and he further declared and maintained that it would not be legal, and not within the power and authority of the Court to order a sale of his interest which he has as tenant by the courtesy.

The Court being of opinion that it had no power or authority to order a sale of the interest of Edward B. Lyon in the land, dismissed the petition as to him, with costs, and ordered a sale of the other two-thirds.     From that ruling the petitioners appealed to the Judge of the Superior Court, who, at Chambers on the 25th September, 1885, adjudged that the order of the clerk of the Superior Court be affirmed and remanded the case to him to be proceeded with as directed in his said order.

From this judgment the petitioners appealed to this Court.

*Mr. John W. Hayes*, for the plaintiff.
No counsel for the defendants.

ASHE, J. (after stating the case).     There was no error in the ruling of his Honor, that the clerk of the Superior Court had no legal power or authority to order a sale of the estate of the defendant Edward B. Lyon, who was a tenant by the courtesy, when objection to such sale had been made by him.     The decision in the case of *Parks* v. *Siler*, 76 N. C., 191, is decisive on the point.     It was there held, "The Courts have no power to order a sale of land for partition, when one of the defendants interested therein is a tenant by courtesy, and objects to the sale."   "That the Court had no such power at common law and there is no statute which confers it," and the true reason, aside from that assigned by the late Chief Justice in the above cited case, is that the Court, upon a sale of the estate of a tenant by the courtesy, would not have the power to set aside and secure out of the pro-

ceeds of the sale a sum proportionate to his share in the same, and direct the interest to be paid him for life, or to pay to him a sum in gross ascertained as the value of his life estate, as might be done when a widow entitled to dower joins in the petition for sale for the purpose of partition.

But it is contended that there was error in the ruling that the petition should be dismissed as to the interest of Edward B. Lyon, and that the residue of the land, being two-thirds thereof, should be sold. This presents the only question for our consideration.

When there is a tenancy in common, each claimant has the right to a partition, and to have his interest apportioned to him in severalty if the estate be susceptible of division, but if not or it shall be made appear upon the application of any one or more of the claimants by satisfactory proof, that an actual partition cannot be made without injury to one or more of the parties interested, the Court shall order a sale of the property. The Code, §1904.

The Courts of Equity have always had the power to make partition as one of its known and accustomed heads of jurisdiction, but it had no power to order a sale of land for that purpose, before such jurisdiction was conferred upon it by statute. After it was invested with that jurisdiction, it possibly had the power to make a decree directing a partial sale such as was ordered by his Honor in the Court below. But this proceeding is not in a Court of Equity, but in the Superior Court before the clerk who had no equity jurisdiction; and besides, the statute giving jurisdiction to Courts of Equity over sales for partition, has been repealed by §§1903 and 1904 of The Code, which confers that jurisdiction upon the Superior Courts to be exercised by the clerk, who is not vested with any equity powers, except where specially conferred by statute.

It would seem, therefore, that as the right to decree a partial partition was a power incident to an equity jurisdiction, the clerk could have no power as was exercised by him in this case, to

order a sale of a part of the land and leave the residue unsold. The Legislature, we think, in enacting the above cited section of The Code, contemplated a sale of the whole land, and the clerk had no right to order a partial sale.

Our conclusion therefore is, that there was error in the judgment rendered by the clerk, and also in that of his Honor in affirming the judgment of the clerk, and as Edward B. Lyon, the tenant by the courtesy, objected to the sale, we cannot do otherwise, under the decision in *Park* v. *Siler, supra,* than dismiss the petition.

The petition is dismissed, with the costs to Edward B. Lyon to be paid by the petitioners.

Error.                                                   Dismissed.