E. F. AYDLETT v. GEORGE B. PENDLETON et al.

*Partition—Estates, Contingent.*

A sale for partition will not be decreed where there are contingent remainders, or other future conditional interests, unless all the persons who may be by any possibility interested unite in asking for such decree—the Act of 1887, ch. 214, not applying to such contingent estates and interests.

This was a SPECIAL PROCEEDING commenced before the Clerk of the Superior Court of PASQUOTANK County, and heard before *Shuford, J.*, upon appeal at Spring Term, 1892, of PASQUOTANK Superior Court.

The plaintiff asks for sale of the land described in the petition for partition.

The petitioner owns the interest of Jane R. Pendleton and R. D. Williams. The defendants George and Kate Pendleton are infants and unmarried and without issue and oppose the sale.

The land cannot be actually partitioned, but sale must be had for that purpose.

The Court refused to grant an order of sale for partition. Plaintiff accepted and appealed.

All the parties claim under a deed from Charles Guirkin, trustee, and Andrew L. Pendleton to Jane R. Pendleton, George W. Pendleton and Kate Pendleton, executed on the 1st day of March, 1888, the material portions of which are:

" That for and in consideration of the premises, and the further sum of ten dollars in hand paid by the parties of the second part, the receipt of which is hereby acknowledged, the said Charles Guirkin, trustee as aforesaid, and said Andrew L. Pendleton have given, granted, bargained, sold and conveyed, and by these presents do give, grant, bargain, sell and convey unto the parties of the second part in interest as to

time and amount of enjoyment and so forth as hereinafter set out, the follow pieces and parcel of land, to-wit:

" To have and to hold the above mentioned and described * * * * * * * * * * * property unto the said Jane R.. Pendleton for and during the term of her natural life free from the control and encumbrances of any and all persons whatsoever.

" To have and to hold one-third of the remainder unto the said Robert D. Williams and his heirs forever. To have and to hold the other two-thirds of the said remainder in equal parts in severalty unto the said George W. Pendleton and Kate Pendleton each for his or her natural life, but if the said George or the said Kate shall die, leaving issue of their body, or the body of either, or the issue of said issue, living at the time of his or her death, then to have and to hold the part of the one so dying and so leaving lineal heirs unto the said George W. or unto her, the said Kate, and his or her heirs in fee forever. But if the said George W. or the said Kate shall die without leaving such issue, or the issue of such, at his or her death, then to have and to hold the remainder after their life-estate unto the said Robert D. Williams and his heirs in fee. But if either the said George or the said Kate shall die, not leaving issue of the body of the one dying, but leaving the other surviving, then to have and to hold the part of the one so dying, one moiety thereof unto the said Robert D. Williams and his heirs, and one-half thereof unto the survivor for and during the term of their natural life, and if the survivor shall die, leaving issue living at his or her death, or the issue of such, then to have and to hold the part last mentioned unto the said survivor and his or her heirs. But if the survivor shall die, not leaving issue at his or her death, or the issue of such, then the remainder of said life-estate herein granted to have and to hold unto the said Robert D. Williams and his heirs. The object of thus limiting the estate herein granted being to secure the same to the blood of the said Jane R. Pendleton in exclusion

of the relations of the half-blood of the said George W. and Kate on side of their father and said Andrew L. Pendleton."

*Mr. E. F. Aydlett*, for plaintiff.
*Mr. E. C. Smith*, for defendant.

SHEPHERD, J.: At common law there could be no compulsory partition between tenants in common, and it was within the power of each co-tenant to annoy and injure the others by an unreasonable assertion of his undoubted right to be in possession of every part of the lands of the co-tenancy. There being no right to the exclusive possession of any particular part, neither co-tenant had that incentive to improve or even to cultivate the land so held in common, as would invariably attend a tenancy in severalty ; and as the chief evils of the former species of tenancy grew out of the right of each tenant to the immediate possession of the whole, the statutes of 31 and 32 Henry VIII, compelling partition by writ, have been held in England and America to apply only to such tenants in common as have a present right of possession. "By the former statute, none but tenants of the freehold who had estates of inheritance could have partition, and only against tenants of the freehold. By the latter, tenants for life or years might have partition, but not to affect the reversioner or remainderman." *Wood* v. *Sugg*, 91 N. C., 93. This has always been the law in North Carolina until the Act of 1887, ch. 214, in which it is provided, "that the existence of a life-estate in any land shall not be a bar to a sale for partition of the remainder or reversion thereof, and for the purposes of partition the tenants in common shall be deemed seized and possessed as if no life-estate existed. But this shall not interfere with the possession of the life-tenant during the existence of his estate." It is entirely clear that the statute does not apply to contingent remainders or other uncertain

future interests, and as to these it is well settled that they cannot be sold for partition. *Simpson* v. *Wallace*, 83 N. C., 477; *Williams* v. *Hassell*, 74 N. C., 434; *Watson* v. *Watson*, 3 Jones Eq., 400; *Miller, ex parte*, 90 N. C., 625; *Irvin* v. *Clark*, 98 N. C., 445. Such being the law, we are unable to see how the Court could have ordered a sale in the present case.

Conceding it to be true, as contended by the petitioner, that the issue of Kate and George can never take as such, and that their existence at the time of the death of said George and Kate is only a contingency, upon the happening of which the estates of the latter are to be enlarged into fees-simple—thus putting into operation the rule in Shelley's case—such estates are nevertheless subject to open and be defeated or modified by certain contingencies which can only be determined at the death of the said George and Kate. Thus, if both of these parties should die without leaving issue, or the issue of such, then the whole estate, subject to these limitations (being two-thirds interest in the property) will go by way of remainder in fee to R. D. Williams. If, however, one of the said parties shall die leaving no such issue, then one moiety of his or her interest is to go to said R. D. Williams in fee, and the other to the survivor during his or her natural life, and then to his or her issue; but failing in issue, or the issue of such, at the death of the survivor, then to said R. D. Williams in fee. Thus it will be seen that even according to this construction of the deed, there are future contingent interests, and though these may be represented by some person *in esse*, it cannot authorize the Court in decreeing a sale for partition where there is objection by some of the parties interested.

It is true that in some instances a person may represent the interests of others of his class who are not *in esse*, but the Court only decrees a sale in such cases where the interests of the parties will be materially and essentially promoted. Such is not the case before us. It is simply a peti-

tion for a sale for partition, and it is an inflexible rule of
this Court that no such sale will be decreed where there are
contingent remainders, or other future conditional interests,
unless all of the persons, who may by any possibility be
interested, unite in asking for such relief.

Affirmed.