Pabst Brewing Company, Appellant, vs. Melms and others, Respondents.

*January 9 — February 2, 1900.*

*Partition: Cotenancy: Estates in remainder.*

Under sec. 3101, Stats. 1898, no one can enforce partition unless he has an *estate in possession as one of the cotenants thereof;* hence the owner in fee of an undivided seventh, and of a life estate in the remaining six sevenths. cannot maintain partition against the owners in fee of said remaining six sevenths, subject to plaintiff's life estate therein.

Appeal from an order of the superior court of Milwaukee county: Geo. E. Sutherland, Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas,* counsel.

For the respondents there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Francis Bloodgood,* of counsel, and oral argument by *Francis Bloodgood.*

WINSLOW, J. The plaintiff brings an action for the partition of real estate, alleging ownership in fee of an undivided one seventh thereof, and a life estate for the life of another in the remaining six sevenths; also, that each of the six defendants owns an undivided one seventh in fee, subject to such life estate. A general demurrer to the complaint was sustained, and the plaintiff appeals.

The demurrer was rightly sustained. Our statute provides (sec. 3101, Stats. 1898): "All persons *holding* lands as joint tenants or tenants in common may have partition thereof by civil action in the manner provided in this chapter. Such action may be maintained by any person who has any estate in possession of the lands of which partition is sought, but not by any one who has only an estate therein in remainder or reversion." The object of this statute was plainly to settle and obviate the disputes and difficulties attending the joint occupancy of lands, and to sever the undivided possession, so that each person entitled to such possession should thereafter have a right to the sole possession of a certain part of the property, instead of a general right with the other cotenants to the possession of the whole. Such was the object and purpose of the English statutes of partition. Under those statutes no one could enforce partition unless he had an *estate in possession, as one of the cotenants thereof.* Freeman, Cotenancy & P. (2d ed.), §§ 440, 446; *Seiders v. Giles,* 141 Pa. St. 92. The law was so stated by this court in *Morse v. Stockman,* 65 Wis. 36–44, and the authorities were there collated. Our statute goes no further than this. The partition statute of Michigan is almost identical in its language, and has received this construction. *Metcalfe v. Miller,* 96 Mich. 459. See, also, *Savage v. Savage,* 19 Oreg. 112; *Hunnewell v. Taylor,* 6 Cush. 473.

In the present case there is no joint possession to be divided. The plaintiff has the sole right of possession of the

entire premises. There are no cotenants in possession, or entitled to possession, so long as the life estate remains *in esse*. There being no cotenancy in possession, the only joint or common interest between the plaintiff and the defendants is that existing between them as remaindermen or reversioners. By the express terms of the statute, a remainderman or reversioner cannot in that capacity maintain the action.

It is true that in some states it has been held that statutory actions for partition may be brought by remaindermen. *Scoville v. Hilliard*, 48 Ill. 453; *Cook v. Webb*, 19 Minn. 167; *Smith v. Gaines*, 38 N. J. Eq. 65. But these decisions were all based upon statutes entirely different from ours, and placed upon the ground that the statutes expressly or impliedly authorized the maintenance of such actions. This consideration renders any discussion of such cases unprofitable.

*By the Court.*— Order affirmed.