ULLRICH, Respondent, vs. ULLRICH and others, Appellants.

*October 20—November 15, 1904.*

*Partition: Surviving widow: Right to maintain action: Statutes: Construction: Estates: Dower.*

1. Under the section of the statutes governing partition (sec. 3101, Stats. 1898), a widow in possession of the homestead, and having unassigned dower in the other real estate, cannot maintain an action of partition against the heirs of the husband.
2. Such want of right in the surviving widow to maintain an action of partition *is* not changed, either expressly or by implication, in the enactment of ch. 336, Laws of 1899, or of ch. 280, Laws of 1903.
3. An unassigned dower right is not an estate in lands.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an action for partition of real estate. The complaint alleges that the plaintiff is the widow of one Ignatz Ullrich, deceased, who died January 29, 1903, leaving a homestead and about twenty other parcels of real estate in Milwaukee county; that the plaintiff is in possession of the homestead, and has a dower interest in the other lands; that three of the defendants are children and five are grandchildren of the deceased, all constituting the heirs at law of the deceased; that the said children and grandchildren own the said real estate subject to the homestead and dower rights of the plaintiff. Certain of the defendants are named as having some interest in the property, and the administrator was also joined as a defendant, and partition of the property is demanded. The defendants demurred generally to the complaint, and, the demurrer being overruled, the defendants appeal.

The cause was submitted for the appellants on the brief of *Austin, Fehr & Gehrz,* and for the respondent on that of *McElroy & Eschweiler.*

WINSLOW, J.   The question is whether a widow in possession of the homestead, and having an unassigned dower interest in other real estate, can maintain a partition action against the heirs of the husband.   This question seems to be settled by a mere reading of the first section of the chapter on partition, which says:

"All persons *holding* lands as joint tenants or tenants in common may have partition thereof by civil action.  .  .  . Such action may be maintained by any person who has *any estate in possession* of the lands of which partition is sought, but not by any one who has only an estate therein in reversion or remainder."   Sec. 3101, Stats. 1898.

As said in *Pabst B. Co. v. Melms,* 105 Wis. 441, 81 N. W. 882:

"The object of this statute was plainly to settle and obviate the disputes and difficulties attending the joint occupancy of lands, and to sever the undivided possession so that each person entitled to such possession should thereafter have a right to the sole possession of a certain part of the property, instead of a general right with the other co-tenants to the possession of the whole."

The idea is that there is a concurrent undivided possession of the whole by all the tenants, which is to be transformed into separate possession by each tenant of a specific part. There is no such concurrent, undivided possession existing here.   The plaintiff is neither a joint tenant nor a tenant in common with any of the defendants as to any of the lands. She is in exclusive possession of the homestead, and she has only an unassigned dower right in the remaining lands.   An unassigned dower right is not an estate in lands.   *Howe v. McGivern,* 25 Wis. 525; *Farnsworth v. Cole,* 42 Wis. 403; 10 Am. & Eng. Ency. of Law (2d ed.) 146.

It is argued that by ch. 336, Laws of 1899, and ch. 280, Laws of 1903, the statutes governing the action of partition have been so far changed as to permit a person circumstanced as this plaintiff is to bring a partition action.   Inspection of

these acts, however, clearly demonstrates that such is not the case. The first of these acts was intended to make complete provision for the ascertainment and adjudication of the rights of defendants in partition suits who were entitled to dower or homestead rights in the property, while the second of the acts was intended to give greater scope to the action in the matter of the litigation of conflicting interests and titles, as well as the assignment of homestead and dower rights; but neither of the acts affects the provisions of sec. 3101, *supra,* either expressly or by implication.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer to the complaint.