PLANO MANUFACTURING COMPANY, Appellant, vs. KINDSCHI and others, Respondents.

*April 12—April 30, 1907.*

*Partition of land: Parties: Life tenants.*

1. Under sec. 3101, Stats. (1898), a tenant in common of a life estate in land may maintain an action for partition thereof; and under sec. 3102 the owners of the reversion are proper parties to such action.
2. Under our statutes relating to partition of land a cotenant of a life estate can have partition of that estate only and not of the fee or reversion.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an appeal from a judgment dismissing the plaintiff's complaint with costs. The complaint alleges, substantially, that the plaintiff was authorized to do business in Wisconsin, and the defendants are interested in the land in question; that the interest of defendant *Anna Kindschi* and Wanda E. Thomas is limited to that of dower right of their respective husbands; that the estate of the parties to this action arose as follows: The real estate hereinafter described was possessed in fee simple by Martha Kindschi, and she died while such owner; that at the time of her death she left, her surviving, Christian Kindschi, her husband, and four children, *Edwin E. Kindschi, Margaret Kindschi, Dora*

*Kindschi,* and *Kate Kindschi,* defendants named herein; that prior to the commencement of this action the plaintiff, *Plano Manufacturing Company,* obtained a judgment against Christian Kindschi and docketed the same, and thereafter the interest of Christian Kindschi in the real estate in question was sold on sheriff's sale to the plaintiff, and plaintiff became entitled to the possession of the estate of Christian Kindschi in such real estate; that before the commencement of this action and for a valuable consideration plaintiff sold and transferred a one-third interest in said real estate to defendant H. H. Thomas, and Wanda E. Thomas is the wife of H. H. Thomas; that the real estate in question consists of about one acre of land in the village of Prairie du Sac, Sauk county, Wisconsin, described in a deed recorded in the office of the register of deeds in Sauk county, Wisconsin (vol. 54 of Deeds, p. 341); that the defendants, children of Martha Kindschi, namely, *Edwin, Margaret, Dora,* and *Kate Kindschi,* are the owners each of a one-fourth interest in the fee simple in the real estate in question, subject to the right of the plaintiff and defendant H. H. Thomas; that plaintiff and defendant H. H. Thomas have an estate in possession and each is entitled to an undivided portion of said real estate.

The complaint further alleges that the real estate is so situated and the buildings thereon are so constructed that it will be impossible to divide the same; that it is inadvisable and inexpedient to plat the same or attempt to plat the property, and it will be impossible and inexpedient to divide it among the various parties entitled thereto; that an attempt to do so will result in depreciation of the value of the whole estate; and that it will be necessary to sell the property and divide the proceeds in manner prescribed by law. The complaint prays for partition and sale of the real estate in question according to the rights of the parties interested and that the plaintiff be allowed costs and disbursements, and that the court direct the balance to be paid to the children and parties

named in the action according to law, equity, and good conscience.

The defendants *Edwin E. Kindschi, Margaret Kindschi, Dora Hanks (née Kindschi),* and *Kate Kindschi* answered, admitting that they are heirs of Martha Kindschi, deceased, and denying that the plaintiff or defendant H. H. Thomas has any right, title, or interest, joint or otherwise, in the property in question. The answer further alleges that the property in question is, and for many years last past has been, in an untenantable condition and so out of repair as to be an annual expense; that it is not self-supporting, and the earnings of said estate not sufficient to pay the annual taxes and unavoidable expenses of repair. The answer further alleges that the interests of Christian Kindschi, the *Plano Company,* H. H. Thomas, and Wanda E. Thomas, if any interest they have, are indebted to the defendant *Edwin E. Kindschi* in a sum exceeding $250 as improvements necessary and advances for and on behalf of said estate; that the sale by the plaintiff of a part of its estate by the curtesy to defendant Thomas was made in collusion and for the purpose of depriving defendant *Edwin E. Kindschi* and the heirs to said property of their just share and interest therein; and defendants denied generally other allegations of the complaint.

The defendants also answered setting up a counterclaim. The plaintiff replied to the counterclaim, denying all the material allegations thereof. The court sustained an objection to any evidence under the complaint, and granted plaintiff twenty days to serve an amended complaint on payment of $10 costs, and thereafter, upon failure to amend, judgment was rendered in favor of the defendants and against the plaintiff, dismissing the plaintiff's complaint with costs, from which this appeal was taken.

For the appellant the cause was submitted on the brief of *Grotophorst, Evans & Thomas.* They contended, *inter alia,*

that partition suits are equitable in their nature and the courts have power to do justice to all the parties and protect all the estates that go to make up the fee simple. *Pulse v. Osborn,* 30 Ind. App. 631, 64 N. E. 61; *Hanson v. Hanson* (Neb.) 97 N. W. 23; *Walker v. Williams,* 84 Miss. 392, 36 South. 450; *Bennett v. Bennett,* 84 Miss. 493, 36 South. 452; *Deery v. McClintock,* 31 Wis. 195, 202. The only limitation upon the power of the court to direct the sale of the fee is that contained in sec. 3117, Stats. (1898). See *Deery v. McClintock,* 31 Wis. 195, 202; *Jenkins v. Fahey,* 73 N. Y. 355; *Hanson v. Ingwaldson,* 77 Minn. 533, 80 N. W. 702, 704. In view of the manifest injustice which would otherwise result, and in view of the express provision of our statute making but a single exception (sec. 3117), this court should authorize a sale of the fee simple in case an actual division of the real estate is impossible. *Shaw v. Beers,* 84 Ind. 528; *Fitts v. Craddock,* 144 Ala. 437, 39 South. 506; *Gayle v. Johnston,* 80 Ala. 395.

For the respondents there was a brief by *Bentley & Kelley,* and oral argument by *J. M. Kelley.*

KERWIN, J. The complaint shows that the plaintiff and defendant H. H. Thomas were at the time the action was commenced tenants in common of the life estate. The answering defendants are owners of the reversion and deny the right of the plaintiff to partition, and further deny that plaintiff is entitled to sale of the fee or reversionary interest in the property, and further insist that they are improper parties defendant and that the court below properly dismissed the complaint. The statute expressly regulates the subject and provides that joint tenants or tenants in common may have partition, and that such action may be maintained by any person who has an estate in possession, but not by one who has only an estate in remainder or reversion. Sec. 3101, Stats. (1898). It further provides that every person having

an interest in the premises may be made a party defendant. Sec. 3102, Stats. (1898). So it is clear from the express provisions of the statutes that all persons having an interest in reversion are proper parties defendant. There can be no doubt that the plaintiff and defendant H. H. Thomas were entitled to partition of the life estate. Sec. 3101, Stats. (1898); *Pabst B. Co. v. Melms,* 105 Wis. 441, 81 N. W. 882; *Ullrich v. Ullrich,* 123 Wis. 176, 101 N. W. 376; *Hinman v. Hinman,* 126 Wis. 191, 105 N. W. 788; Freeman, Cotenancy & Partition, § 440. It is also clear that the owners of the reversion were proper parties defendant in the action for partition of the life estate. Sec. 3102, Stats. (1898); *Morse v. Stockman,* 65 Wis. 36, 26 N. W. 176. The court below, therefore, erred in dismissing the plaintiff's complaint on the objection of the answering defendants.

But we are asked further to determine upon this appeal whether, in an action for partition by a life tenant, where the reversioners are defendants, their interests may be sold and partition made of the whole estate in the land, including the fee held by owners of the reversion. It is insisted that the plaintiffs in this action are entitled to partition not only of the life estate, but of the fee or reversion as well. We think the statute heretofore cited clearly excludes such right. Sec. 3101, Stats. (1898). Counsel for appellant present an able argument on this question and cite many authorities which appear to give some support to the general contention made by appellant upon this question; but a careful examination of the authorities cited convinces us that they are not controlling, as they are quite different in their facts, and moreover are based upon statutes different from ours. We are satisfied that under our statutes relating to partition a life tenant can only have partition of the life estate. Freeman, Cotenancy & Partition, § 440; *Aydlett v. Pendleton,* 111 N. C. 28, 16 S. E. 8, 32 Am. St. Rep. 776 and note; *Seiders v. Giles,* 141 Pa. St. 93, 21 Atl. 514; *Metcalfe v. Miller,* 96 Mich. 459, 56 N. W. 16; *Simmons v. MacAdaras,*

6 Mo. App. 297; *Parks v. Siler,* 76 N. C. 191; *Hodgkinson et ux., Petitioners,* 12 Pick. 374; *Pabst B. Co. v. Melms,* 105 Wis. 441, 81 N. W. 882.

We regard further discussion unnecessary. We hold that upon the case made by the complaint the plaintiff is entitled to partition of the life estate only; that the answering defendants are proper parties defendant; and that the court below should not have dismissed the complaint.

*By the Court.*—The judgment of the court below is reversed, and the action remanded for a new trial.