TEASLEY *et al. v.* HULME, administrator.

A testator devised to his wife a half undivided interest in certain land in fee, and to a named daughter a half undivided interest in the same land for life, with remainder to her brothers and sisters; but no provision was made by the will for the division of the land. The tenant in fee and the tenant for life, by voluntary agreement to which the remaindermen who were in esse were not parties, partitioned the land. *Held,* that the partition is binding upon the estate of the tenant in fee only so long as the limited estate of the life-tenant continues; and this is true although the remaindermen, after the death of the tenant in fee, expressly assented to the partition as made.
No. 1750.  SEPTEMBER 18, 1920.

Equitable petition.  Before Judge Hodges.  Elbert superior court.  October 9, 1919.

By the second item of his will Thomas M. Hulme, late of Elbert county, devised to his wife a half undivided interest in fee in 193.8 acres of land.  By the third item of his will the testator devised to his daughter, Mary F. Teasley, a half undivided interest in the same land, "and at her death to be equally divided among her brothers and sisters.  In case any of them are dead, then the share of the deceased brother and sisters must be equally divided among their children."  The will was probated in solemn form at the August term, 1909, of the court of ordinary of Elbert county.  In November, 1909, Mrs. Hulme, the widow, and Mrs. Teasley, the daughter of the testator, selected arbitrators for the purpose of making a division of the tract of land.  The arbitrators called in the county surveyor, and the land was divided.  Under this division Mrs. Hulme received 87.4 acres, on which the dwellings and improvements were located, and Mrs. Teasley received 106.4 acres.  Plats were made by the sur-

veyor and delivered to the parties. Mrs. Hulme and Mrs. Teasley went into the exclusive possession of their respective portions of the land. Mrs. Hulme. died in 1918, in possession of the land set off to her by the arbitrators. Her administrator obtained an order to sell a half undivided interest in the whole tract of 193.8 acres, and advertised the same for sale. Mrs. Teasley. filed a claim to the portion of the land set off to her by the arbitrators. In aid of this claim Mrs. Teasley and her brothers and sisters in life, remaindermen under the third item of the will of Thomas M. Hulme, filed an equitable petition, and prayed that the partition between the parties, with the aid of the arbitrators and surveyor, as aforesaid, be confirmed. . The case was submitted to the judge without the intervention of a jury. The court adjudged that the partition was a valid partition, and "binding on said parties and their privies in estate during the life of the said Mary F. Teasley, but the said partition is not binding on any remaindermen interested in said land," and ordered that the administrator proceed to sell the undivided half interest in the whole tract of land devised by Thomas M. Hulme, subject to the life estate of Mrs. Teasley in the 106.4 acres set off to her by the arbitrators. To this judgment Mrs. Teasley and her brothers and sisters excepted.

*George C. Grogan,* for plaintiffs in error.

*Z. B. Rogers,* contra.

GEORGE, J. (After stating the foregoing facts.) At common law only parceners had the right of partition. By the statute of 31 Henry VIII, c. 1, this remedy was extended to joint tenants and tenants in common of any estate of inheritance in their own right, or in the right of their wives. By the statute of 32 Henry VIII, c. 32, the remedy was still further extended to joint tenants and tenants in common, for term of life or years, or joint tenants and tenants in common, where one or some of them have estate for term of life or years, with the others that have an estate of inheritance or freehold. Allnatt on Partition, 56. Similar statutes have been enacted in most of the American States. Under these statutes it is generally held that a tenant for years or for life may compel partition between himself and his cotenants. See Nichols *v.* Nichols, 28 Vt. 228 (67 Am. D. 699, and note); Plano Manufacturing Co. *v.* Kindschi, 131 Wis. 590 (111 N. W.

680, 11 Ann. Cas. 1039, and note); Aydlett *v.* Pendleton, 111 N. C. 28 (16 S. E. 8, 32 Am. St. R. 776, and note); Fitts *v.* Craddock, 144 Ala. 437 (39 So. .506, 113 Am. St. R. 53, and note). Under the Civil Code (1910), § 5358, statutory partition is provided "in all cases where two or more persons are common owners of lands and tenements in this State." Under § 5355, "Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or particular circumstances render the proceeding in equity more suitable and just." Our statute expressly provides for partition among "common owners of land," whether by descent, purchase or otherwise. Although the exact point may not have been decided by this court, it would appear that the right of partition is not confined to common owners in fee. In Mussey *v.* Sanborn, 15 Mass. 155, it was held that "Partition may be had on petition of tenant for years, although the tenant of the other part of the premises holds the same in fee." The ruling in Shaw *v.* Beers, 84 Ind. 528, is to the same effect. Indeed it may be stated as a general rule in the United States that a cotenant of an estate in possession, though less than in fee, is entitled to maintain a suit for partition. It follows that a tenant for life in possession, or entitled to the present right of possession, may, by voluntary agreement with his cotenant in fee, make a valid partition. The converse is also true. The general rule is that a partition suit can not affect the estates in remainder or reversion, unless specially authorized by statute. Under special statutes, in a few of the States it is held that a tenant of an estate in possession may compel a partition binding all interested, whether in possession, reversion, or remainder, and whether or not those entitled to take as remaindermen are in esse. See Fitts *v.* Craddock, supra. The doctrine that a voluntary partition of land, fairly made, between tenants of an estate in possession, will bind all interested, whether in possession, reversion, or remainder, is, it would seem, announced in some cases. See Acord *v.* Beaty, 244 Mo. 126 (148 S. W. 901, 41 L. R. A. (N. S.) 400), and authorities cited. In the view we take of this case it is unnecessary to decide whether in an action at law or a suit in equity a tenant of an estate in possession may compel a partition, binding all interested, whether in possession, reversion, or remainder. There was no proceeding at law or in

equity. Even if the remaindermen may be bound by a judgment in partition in an action at law or a suit in equity, they can in no event be bound by the judgment unless brought within the jurisdiction of the court by some service of process, actual or constructive. *Childs* v. *Hayman*, 72 *Ga.* 791. The tenant in fee and the tenant for life simply agreed between themselves upon a division of the land. There was no attempt to bring remaindermen into the voluntary partition of the land. So far as the record discloses, the remaindermen were in esse and were of age. They did not consent to the partition at the time made; and even if they could subsequently ratify the same, they did not attempt to ratify the partition until after the death of the tenant in fee. The tenant in fee may have consented to a partition of the land between herself and the life-tenant, in its nature temporary, to which she would not have consented as between herself and the remaindermen. The remaindermen not being bound by the partition, and the attempted ratification thereof being unavailing for that purpose, the court rightly decided that the voluntary partition made between the tenant in fee and the tenant for life was and could be binding only during the continuance of the particular estate, i. e., the estate for life.

The ruling here made is not in conflict with the ruling in *Cock* v. *Lipsey*, 148 *Ga.* 322 (6 *a, b*), 325 (96 S. E. 628). The will of the testator there considered authorized and contemplated a division in kind by and between life-tenants. The will was the law of the case, and a fair division of the land made by the life-tenants, as authorized by the will, was binding upon the remaindermen, although the remaindermen were minors at the time of the division, and were not otherwise parties thereto.

*Judgment affirmed. All the Justices concur.*