## LANE et al. v. HUGHES.
### No. 6024.

Court of Civil Appeals of Texas. Amarillo.
Jan. 30, 1950.

Merchant, Fitzjarrald & Pope, Amarillo, for appellants.

Small & Small, Austin, for appellee.

STOKES, Justice.

On May 16, 1932, Annie Clifton Hughes, joined by the appellee, her husband, conveyed to appellants Mark Lane and Luke Lane, the North half of Section 146, Block S-5, D. & P. Ry. Co. Survey in Hall County, containing 320 acres of land. The deed contained the following exception and reservation: "Excepting and reserving, however, out of and from this grant at all times thereafter and forever, and to the said grantors, their heirs and assigns, one-eighth (⅛) of all the mineral, oil and gas that may be obtained by the grantees, their heirs and assigns, from the land herein conveyed, to be delivered on the said land to

the said grantors, their heirs or assigns, free of expense to them."

Annie Clifton Hughes afterwards died and left a last will and testament in which her husband, Lafayette M. Hughes, was named as trustee and it was stipulated by the parties at the trial that he now owns the property, rights and interests reserved in the deed by which he and his wife conveyed the land to the appellants. On June 27, 1949, appellants filed this suit against appellee, alleging that they and appellee were joint owners in fee simple and, together, were the sole owners of the 320 acres of land, appellants owning all the surface and an undivided seven-eighths of all oil, gas and other minerals on, in and under the same and that appellee was the owner of an undivided one-eighth interest in the oil, gas and other minerals therein. They made all of the allegations necessary to constitute a suit for partition and prayed that the oil, gas and mineral interests in the land be partitioned, and for general relief.

Appellee answered by denying that the parties were joint owners of any estate or interest in the land. He disclaimed any interest in the surface or the minerals in place thereunder, alleging that he had no right to develop the minerals or to lease the same to other parties or to participate in any bonuses or rentals that might become due from any lessees, and prayed that appellants' prayer for partition of the land be denied.

The case was submitted to the court, without the aid of a jury, and resulted in a judgment for the appellee and denying appellants any relief. They duly excepted to the judgment and have perfected an appeal to this court, contending the court erred in holding that the interests of the parties in the land were not subject to partition under Article 6082, Revised Civil Statutes of 1925.

It was stipulated by the parties that no oil, gas, or other minerals had been discovered upon the land nor were any such minerals being produced within 100 miles of it and that the only interest or right owned by appellee was that set out in the reservation clause of the deed above mentioned. In order to leave no doubt as to their contentions, appellants announced at the trial that it was agreeable with them for appellee to have the oil, gas and other minerals and rights therein upon any 40 acres of the entire tract set aside to him together with full right of ingress and egress for the purpose of exploitation and development of any such minerals and to collect, receive and retain all of the proceeds therefrom.

Article 6082, R.C.S., gives the right of partition to any joint owner or claimant of any real estate or of any interest therein and provides that he may compel a partition thereof between the other joint owners or claimants thereof. At common law only coparcener, that is, those who had inherited land from a common ancestor, had the right of partition. By an early statute the remedy was extended in England to joint tenants and tenants in common and similar statutes have been enacted in most of the American states. Teasley v. Hulme, 150 Ga. 495, 104 S.E. 151, 12 A.L.R. 641. Our statute accomplishing that purpose is Article 6082, and while the common-law right of partition was extended by the statute, the extent of its enlargement was limited to joint owners. Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299; Tieman v. Baker, 63 Tex. 641; Hudgins v. Sansom, 72 Tex. 229, 10 S.W. 104.

In the case of Tieman v. Baker, supra, the Supreme Court said: "The very purpose of partition is to enable one holding or entitled to hold with others an undivided possession, to sever that possession and right, and thenceforth to hold an exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possession."

It is well established that at least three requisites are essential to the enforcement of a partition: First, the partitioners must be joint owners; secondly, they must be joint owners of the land to be partitioned or of some interest therein; and, thirdly, the parties seeking partion must have an equal right to possess the land with the other joint owners. Luckel v. Barnsdall, Tex.Civ.App., 74 S.W.2d 127; Medina

Oil Development Co. v. Murphy, Tex.Civ. App., 233 S.W. 333; Belgam v. Wirt Franklin Petroleum Corporation, Tex.Civ. App., 209 S.W.2d 376. While the partition vests in each of the parties the exclusive ownership of the particular tract set aside or allotted to him, it is a partition of possession only and not of title. When a partition is accomplished the equitable title of the respective shares is vested in the several owners to whom allotments are made, but the legal title remains as before. Chace v. Gregg, 88 Tex. 552, 32 S.W. 520; Walling v. Harendt, Tex.Civ.App., 37 S.W.2d 280. The effect of a partition is, not to confer title upon either of the partitioners, but to dissolve the tenancy in common and leave the title as it was before, except to locate such rights as the parties may have respectively in the distinct parts of the premises, and extinguish such rights in all other portions of the property. This is the extent to which the statute goes and furnishes the reason why the right of partition is confined to tenants in common or joint owners or claimants of the property. Before partition, the joint owners or tenants in common have the equal right to possession and the estates of all of them are of equal dignity. Since the title is not affected or changed by partition, and cannot be, it is essential to the remedy that the parties be joint owners or tenants in common of the thing to be partitioned.

 The right of partition is not given by the statute to all those who might own any interest whatever in a given tract of land. By its very terms the right of partition is confined to joint owners of any real estate or joint owners of any interest therein. That minerals in place are realty and subject to ownership, severance and sale is not now an open question in this state. Severance of the minerals from the surface of land may be, accomplished by means of conveyance of the minerals or by means of exception or reservation in a conveyance. Hager v. Stakes, 116 Tex. 453, 294 S.W. 835; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741. Appellee owns one-eighth of the oil, gas and other minerals in the land because it was not conveyed away by the deed from

him and his wife when they sold and conveyed to appellants the interests which they now hold nor has it since been conveyed by appellee. His oil has an added value at the surface for he is then in position to realize upon it and sell it to other parties, but he owns it before it is brought to the surface, and while it is yet in place, for the simple reason that he has never conveyed it away. Commissioner of Internal Revenue v. Wilson, 5 Cir., 76 F.2d 766. When the deed of May 16, 1932 was executed by appellee and his wife conveying the tract of land to appellants and reserving unto themselves, their heirs and assigns, the one-eighth of the minerals, oil and gas, the minerals in place were severed from the residue of the soil, and the original land as effectively divided into two tracts as if the division had been made vertically. Munsey v. Mills & Garitty, 115 Tex. 469, 283 S.W. 754; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607. After the deed was executed, therefore, appellants owned the surface and seven-eighths of the minerals in and under the land and appellee did not own any interest whatever in that portion. Appellee owned the interest of one-eighth of the minerals and appellants owned no interest whatever in that severed portion of the land. It is clear, therefore, that they were not joint owners of any particular interest or estate. Not being joint owners of any particular interest in the land or of any minerals in or under the same, appellants were not entitled to compel a partition thereof.

 There is another reason why appellants were not entitled to force a partition. It is a well-established rule that, in the absence of a statute to the contrary, a party, in order to be entitled to compel partition, must not only show the joint ownership of an interest in the land but he must further show that the joint owners are each entitled to possession of a portion of it. Tieman v. Baker, supra; Luckel v. Barnsdall Oil Co, Tex.Civ.App., 74 S.W.2d 127; Brito v. Slack, Tex.Civ.App., 25 S.W.2d 881; Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299; Manchaca v. Martinez, 136 Tex. 138, 148 S.W.2d 391; Belgam Oil Co. v. Wirt

Franklin Petroleum Corp., supra. By the terms of the deed appellee and his wife conveyed all of the land to appellants save and except only one-eighth of the minerals, oil and gas that may be obtained by the grantees, their heirs and assigns. They did not reserve the right to enter upon the land and prospect for the minerals, but provided that the one-eighth reserved by them was to be delivered to them on the land free of expense by the grantees, their heirs or assigns, when obtained by them. It necessarily follows from this provision that possession of the surface and the minerals in place was thereby conveyed to the appellants. The right of possession conveyed to them and held by them at the date of the trial existed as fully and completely as it could have been vested by a judgment of the court. Belgam Oil Co. v. Wirt Franklin Petroleum Co., supra; Chaffin v. Hall, Tex.Civ.App., 210 S.W.2d 191; Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299. Partition acts upon the possession and not upon the title. It creates no new title but merely severs the previous unity of possession and dissolves the only unity existing between the joint owners or tenants in common. If there is no unity in the right of possession, there can be no forced partition.

■ Appellee makes the argument, with which we agree, that if partition were decreed in this case the character of the reserved interest and rights retained by appellee and his wife in their deed to the appellants would be destroyed. The reservation was of one-eighth of the minerals, oil and gas that may be obtained by the grantees and was to be delivered on the land to the grantors, their heirs or assigns, free of expense to them. A partition of the respective interests in the minerals necessarily would result in setting apart to appellee all of the minerals in a specific 40 acres of the 320 acre tract. He would thereafter be the sole owner of all of the mineral rights in that tract. In order to acquire production and realize upon his mineral rights, it would be necessary for him either to expend large sums of money in drilling and exploring the same or to lease the 40 acre tract to some one else for that purpose. If he should make the exploration at his own expense, he would not be receiving his portion free of expense to him, as provided by the exception and reservation incorporated in the deed. If he should lease the land to others for the purpose of exploring it and producing oil, gas or minerals from it, it is a matter of common knowledge that it would be necessary for him to convey a large portion of it to the lessee. In that event he would own a small portion, usually one-eighth, of the production from 40 acres only instead of the entire 320 acres specifically reserved in the deed. A judgment enforcing such a demand would make a complete change in the contract as made by the parties and, in practical effect, make a new contract for them, a thing the courts are not authorized to do.

From what we have said and the holdings of the courts in the cases we have cited, it follows that appellants were not entitled to have partition of the land and interests involved and no error was committed by the court in denying the relief sought by them. The judgment of the court below will, therefore, be affirmed.