Horace SHUFF et al., Appellants,

v.

Jack McKNIGHT et al., Appellees.

No. 16663.

Court of Civil Appeals of Texas.

Dallas.

Feb. 18, 1966.

Rehearing Denied March 18, 1966.

L. F. Sanders, Canton, for appellants.

Enoch G. Fletcher, Grand Saline, for appellees.

BATEMAN, Justice.

The appellants Alice Newsom Shuff and Frances Newsom Barlow, joined by their husbands, sued Jack McKnight to partition fourteen acres of land, alleging that Mrs. Shuff, Mrs. Barlow and McKnight each owned an undivided one-third interest therein. McKnight answered by general denial and the three, five and ten year statutes of limitation. He also impleaded Dorothea F. Farris and her husband, alleging that they had conveyed all of the land to him by general warranty deed, and that if all he received from them was a one-third interest he should have judgment over against them for two-thirds of the

$800 he had paid for the land, plus interest and $250 for valuable improvements. The Farrises answered by general denial and a plea of "not guilty." McKnight died and the other appellees were brought in as defendants in his stead. They answered by a plea of "not guilty" and specifically denied that appellants had any interest in any land owned by them. They also pled the five and ten year statutes of limitation, laches and, as against the Farrises on the cross-action, for two-thirds of the consideration paid for the land and for improvements in the event the plaintiffs should recover.

On the trial, when the plaintiffs (appellants) rested the court instructed the jury to return a verdict for the defendants. From the "take nothing" judgment rendered thereon the appellants seek reversal on three points of error.

■ Before discussing these points we deem it proper to say that after carefully studying the entire record we conclude that the directed verdict was correct and that we should affirm the judgment. Although appellants sue for partition of land which they say is owned by the parties in undivided portions, the appellees in their answer deny that appellants own any interest whatever in the land. Recognizing that their asserted ownership had been challenged, the appellants in a motion for a survey alleged that "by the pleadings of defendants this suit has now become in the nature of a trespass to try title suit."

Whether the suit be one for partition or in trespass to try title, appellants' alleged ownership of an interest in the land became an issue on which the appellants had the burden of proving joint ownership and equal right to possession with the other alleged joint owners. Banks v. Blake, Tex. Civ.App., 143 S.W. 1183, no wr. hist.; Lane v. Hughes, Tex.Civ.App., 228 S.W.2d 986, no wr. hist.; 32 Tex.Jur., Partition, § 16, p. 160. They failed to carry this burden. Appellants proved that a tract of 320 acres in Van Zandt County was patented to Henry Creagle in 1854; that in 1921 Uly

Clifford and wife conveyed a tract of four acres and a tract of ten acres in the H. Creagle Survey, Van Zandt County, to Mrs. Dorothea Francis Dyer, who died in 1922 having been married only once and then to George H. Dyer, who died in about 1936; that the Dyers had only one child, Maude Mae Dyer, who married only once and then to Henry L. Newsom; that the only children born to that union were the appellants, Mrs. Shuff and Mrs. Barlow, and the cross-defendant Mrs. Farris.

It would appear in the absence of evidence to the contrary that the land became community property of George and Dorothea Dyer. Whether either of them devised this land by will or whether either of them died intestate is not shown. Neither is there any evidence that George Dyer did not remarry after Dorothea Dyer's death, or that he did not beget or adopt other children. Certainly, there is no evidence that their daughter, Maude Mae Newsom, ever acquired or claimed any interest in the property.

The record is likewise silent as to whether Henry L. Newsom died or is still living, or as to whether he or his wife, Maude Mae, died testate or intestate, or as to whether Jack McKnight died, testate or intestate, or whether there was administration, or necessity for administration, on any of the estates of Mr. or Mrs. Dyer, or Mr. or Mrs. Newsom, or Jack McKnight.

There were several tax certificates and receipts and redemption receipts introduced showing payment of taxes on tracts of 14 and 24 acres in the Creagle Survey for years 1950–1957, some paid by Jack McKnight, some by B. M. Barlow, some by Frances Barlow and some by Dorothy Cranford, but these were not shown to refer to the land in question.

■ Appellants contend that a former trial of the case resulted in a judgment dated August 2, 1958 awarding to them a two-thirds interest in the land, which judgment recited appellees' notice of appeal;

that the order of October 4, 1958 vacating this judgment came too late, that the judgment became final at the end of thirty days and that the court erred "in failing to recognize and honor" it. There is no merit in this contention. The motion for new trial was timely filed on August 9, 1958 and thereafter, on September 19, 1958, the written agreement of the parties, postponing the decision of the motion to a day certain specifically set out in the agreement, was filed with the clerk and approved by the judge. All of this was in compliance with Rule 329–b, Texas Rules of Civil Procedure. Appellants therefore have failed to demonstrate that the order setting aside the 1958 judgment was void or that they have any rights under it.

Moreover, appellants gave no notice by their pleadings that they were relying upon the 1958 judgment but, on the contrary, elected to try the case anew on its merits. Any rights they may possibly have had under the former judgment were therefore waived.

All of appellants' points of error are overruled and the judgment is

Affirmed.