**FIRST NATIONAL BANK IN DALLAS as Executor of the Estate of Louis J. Hexter, Deceased, et al., Appellants,**

v.

**TEXAS FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee.**

No. 9009.

Court of Appeals of Texas, Texarkana.

Feb. 2, 1982.

Rehearing Denied March 3, 1982.

William Andress, Jr., Wm. Andress & Assoc., P.C., James E. Coleman, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellants.

Allen Weed, Roderic G. Steakley, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellee.

BLEIL, Justice.

This is a suit for partition of interests in a shopping center parking lot. After a non-jury trial, the court found the parking area susceptible to partition and awarded Texas Federal Savings & Loan Association a seventy-five percent interest. The pivotal issue is whether the parties own a joint interest which is subject to partition. We hold the parties do not jointly, or in common, own an interest in land. Therefore, we reverse and render judgment.

First National Bank in Dallas, as executor of the estate of Louis J. Hexter, deceased, Ruby D. Hexter, Sam Lobello, Jr., individually and as executor and trustee under the will of Sam Lobello, Sr., deceased, and Vincent Lobello Matthews, individually and as executor under the will of Frances Lobello, deceased, acquired from Southern Methodist University and W. W. Carruth a seventy-five year lease on a tract of land in University Park, Dallas County, Texas. For convenience, we refer to appellants as Hexter-Lobello. The leased land was developed into a shopping center which is currently known as Preston Center East.

In 1949, Hexter-Lobello subleased Neiman Marcus Company all of Block A and the right of joint usage in Block J, except for the north 149.22 feet. All of Block J, except the north 149.22 feet, was to be used for parking purposes. In 1962, Neiman Marcus assigned its interest in the premises and this interest was reassigned to Texas Federal Savings & Loan Association on March 6, 1973. The original lease between Neiman Marcus and Hexter-Lobello provided that Hexter-Lobello, lessor, would not erect any structure on the southern portion of Block J, that it would remain unimproved and be jointly used for parking purposes by the parties to that lease. The lessee was to pay three-fourths of the ad valorem taxes on the parking area.

After trial, the court determined that Texas Federal had a possessory interest in Block J which was either a leasehold estate or an easement, that the parking area was susceptible to partition, and that Texas Federal was entitled to seventy-five percent of the area after partitioning.

To prevail in this partition suit Texas Federal had the burden to prove a joint ownership and an equal right to possession of an interest in land between it and Hexter-Lobello. *Shuff v. McKnight*, 401 S.W.2d 651 (Tex.Civ.App.—Dallas 1966, no writ); *Lane v. Hughes*, 228 S.W.2d 986 (Tex.Civ.App.—Amarillo 1950, no writ); and *Banks v. Blake*, 143 S.W. 1183 (Tex.Civ. App.—Galveston 1912, no writ). Partition is not a right given by statute to all those who own any interest in a tract of land. A partition suit is governed by Tex.Rev.Civ. Stat.Ann. art. 6082 (Vernon 1970), which permits a joint owner in an interest in real estate to compel a partition between himself and the other joint owners.

Three prerequisites are necessary to force a partition. First, the partitioners must be joint owners; second, they must be joint owners of the land to be partitioned or some interest therein; and third, the party seeking the partition must have an equal right to possess the land with the other joint owners. *Lichtenstein v. Lichtenstein Building Corporation*, 442 S.W.2d 765 (Tex. Civ.App.—Corpus Christi 1969, no writ); *Lane v. Hughes*, supra; *Henderson v. Chesley*, 273 S.W. 299 (Tex.Civ.App.1925), aff'd, 116 Tex. 355, 292 S.W. 156 (1927). With these guidelines in mind, we turn to whether Texas Federal met its burden.

Although findings of fact and conclusions of law were filed, the court did not find that the parties to the partition suit were joint owners of an interest in land with equal rights of possession. Nevertheless, we presume any omitted facts, when supported by the evidence, in support of the judgment. *Ives v. Watson*, 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Jacobini v. Zimmerman*, 487 S.W.2d 249 (Tex.Civ.App.—Fort Worth 1972, no writ); Tex.R.Civ.P. 299. We therefore must look to all the evidence to determine whether it supports the judgment. It does not.

Hexter-Lobello are the sole owners of the possessory interest in the parking

area. Neiman Marcus acquired its rights to Block A and the use of a portion of Block J for parking purposes in a twenty-five year lease beginning January, 1949, which was extended, under the terms of the lease for an additional twenty-five years beginning January of 1974. Texas Federal acquired the remainder of this lease of Block A, and the right to use jointly a portion of Block J for parking purposes in 1973. The trial court found that Texas Federal had a lease-hold interest or an easement in the parking area. We conclude that it is an easement because it is a right to use part of the Hexter-Lobello land for a specific purpose. *Miller v. Babb*, 263 S.W. 253 (Tex.Com.App. 1924, jdgmt. adopted); *Texas City Dike & Marina, Inc. v. Sikes*, 500 S.W.2d 953 (Tex. Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). But, regardless of how it is labeled, Texas Federal does not own any interest jointly with Hexter-Lobello. Hexter-Lobello does not have a lease of the area for parking purposes or an easement, from itself. Hexter-Lobello and Texas Federal stand in the position of either lessor-lessee, or grantor-grantee of an easement, and do not own jointly, or in common, the land or any interest in the land.

We determine that the evidence is legally insufficient to establish the three necessary requisites to force a partition. The parties are not joint owners of the land or any interest therein. Thus, Texas Federal has no right to compel a partition.

We reverse the judgment. We render judgment that Texas Federal take nothing.