FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

10/15/2015 3:44:23 PM

DEBRA SPISAK
Clerk

# EXHIBIT D

FILED
TARRANT COUNTY
8/17/2015 12:40:48 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 153-270555-14**

| | | |
|---|---|---|
| VIQUI LITMAN | § | |
|     Plaintiff/Cross-Defendant | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 153rd JUDICIAL DISTRICT |
| | § | |
| KENN GOLDBLATT | § | TARRANT COUNTY, TEXAS |
|     Defendant/Cross-Plaintiff | § | |

### KENN GOLDBLATT'S MOTION TO DISMISS PARTITION SUIT FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR HEARING TO DETERMINE PARTIES' EQUITY SHARES

**CAME ON TO BE HEARD,** Kenn Goldblatt, Defendant/Cross-Plaintiff (hereinafter, "Goldblatt") in the above numbered and styled action with this, his Motion to Dismiss Partition Suit for Lack of Standing, or, in the Alternative, for Hearing to Determine Parties' Equity Shares, and would respectfully show the Court the following:

Plaintiff's Original Petition sued for partition of real estate in which Plaintiff's name is listed on the subject deed for the property in question. Goldblatt has counter-claimed under theories of adverse possession, breach of contract, and others.

Under Texas law, Plaintiff does not have standing to bring and sustain a partition action. If the Court does find standing, a suit for partition requires specific statutorily prescribed actions by this Court. If the Plaintiff is found to have standing to bring a partition action, Plaintiff has made no effort to address the requirements of the partition statute and applicable authorities under which suit was brought. If the Court finds standing, Goldblatt asks the Court to set an evidentiary hearing to determine the parties' individual equity shares in the subject property.

### THE STANDING ISSUE

The requirement of standing is implicit in the Texas Constitution's open courts provision, which contemplates **access to the courts only for those litigants suffering an injury**. *The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). "Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Id.*

==The standing doctrine requires a continuing controversy between the parties at every stage of the legal proceedings==, including the appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993) (noting that standing "may be raised for the

first time on appeal by the parties or by the court"). See also *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Standing, as a question of law, is reviewed *de novo*. **Standing cannot be waived**, and may be examined *sua sponte* if necessary. *OAIC*, 234 S.W.3d at 735.*Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149-50 (Tex. 2012).

**The test for standing requires that there be a real controversy between the parties which will actually be determined by the judicial declaration sought.** See *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

**Without breach of a legal right belonging to the plaintiff, no cause of action can accrue to his or her benefit.** See *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976). To establish standing, a person must demonstrate he or she maintains a personal stake in the controversy. See *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *Njuku v. Middleton*, 20 S.W.3d 176, 177 (Tex.App.--Dallas 2000, pet. denied).

Under existing Texas law and authority Plaintiff does not have standing for her partition action against Goldblatt. Plaintiff's Original Petition asserts

> "Plaintiff would show that difficulties, including **Defendant's failure to pay *ad valorem* taxes**, have rendered their continued co-ownership of property unjust and impractical"

but states no other reason for the action. For the convenience of the Court, an excerpt of the said Petition is attached as **Exhibit A** and incorporated herein by reference as if fully set forth *verbatim*. Goldblatt asks the Court to take Judicial Notice of page 2, section V of Plaintiff's Original Petition now pending before the Court.

**Without breach of a legal right belonging to the plaintiff, no cause of action can accrue to his or her benefit.** See *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976). See also *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).

The determination of whether a plaintiff possesses standing to assert a particular claim depends on **the facts pleaded and the cause of action asserted.** *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex.App.--Fort Worth 2005, no pet.). See also *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707-08 (Tex. 2001) (analyzing standing **in the context of asserted claim**). [emphasis added]

## RELEVANT FACTS

Plaintiff's Original Petition is based on a 1991 Agreement between the parties relating *only* to the payment of the mortgage indebtedness relating to the subject property. A true and correct copy of the said Agreement is attached as **Exhibit B** for the convenience of the Court and incorporated herein by reference for all purposes as if fully set forth *verbatim*. Goldblatt asks the Court to take Judicial Notice of the said Agreement.

The fourth paragraph of the 1991 Agreement states:

"That the parties agree that Kenn Goldblatt has the right to reside at the property and **Viqui Litman will make no claim to reside there**." [emphasis added]

### The Right to Possess

**A right to reside on the property is required for standing to partition.** *First Nat'l Bank in Dallas v. Tex. Fed.Sav. & Loan Ass'n*, 628 S.W.2d 497, 498 (Tex.App.--Texarkana 1982, writ ref'd n.r.e.). Three prerequisites are necessary for standing to partition:

- the partitioners must be joint owners,
- they must be joint owners of the land to be partitioned or some interest therein, and
- *the party seeking the partition must have an equal right to possess[1] the land with the other joint owners*. [emphasis added]

As recently as 2011, the Fort Worth Court of Appeals found in *James Chafin v. Richard G. Isbell and Fairway Independent Mortgage*, No. 02-10-00007-CV (Tx.App.--2nd Fort Worth, 2011) that a court's primary concern when interpreting an agreement is to ascertain and give effect to the intent of the parties **as it is expressed in the agreement**. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *Chapman*, 251 S.W.3d at 616. *A court must examine the writing as a whole in an effort to harmonize and give effect to all the provisions so that none will be rendered meaningless.* [emphasis added] *Coker*, 650 S.W.2d at 393. If the agreement can be given a certain or definite legal meaning **or interpretation**, then it is not ambiguous, and the court will construe it **as a matter of law**. *Id.*; *Broesche v. Jacobson*, 218 S.W.3d 267, 271 (Tex.App.--Houston [14th Dist.] 2007, pet. denied).

By contracting away her right to "reside" at the subject residential property, Plaintiff contracted away her right to "possess" the property with its other joint owner as a matter of law. Thus, Plaintiff does not – and cannot – have standing to maintain the instant partition lawsuit

---

[1] From *Black's Law Dictionary* 6th Edition. **Possess**. To occupy in person; to have in one's actual and physical control; to have the exclusive detention and control of; to have and hold as property; to have a just right to; to be master of; to own or be entitled to.

against Goldblatt which authorities require possession as a necessary element of partition.

**No Relevant Controversy**

A chronology of the relevant facts also demonstrates that at the time Plaintiff's instant suit for partition was filed, no relevant controversy existed between the parties:

The 1991 Agreement states only that

"That Kenn Goldblatt assumes all responsibility ***for the mortgage loan to Colonial Savings and Loan*** and will make no claim against Viqui Litman for repayment of ***the indebtedness***." (See Exhibit B, paragraph 5.) [emphasis added]

The subject Agreement makes no mention whatsoever of any other "indebtedness" or liabilities to be required of, or assumed by, Goldblatt. Thus, Goldblatt had no contractual obligation to pay *ad valorem* taxes, insurance, maintenance, repairs, or other expenses assessable against Plaintiff by the plain language of the Agreement as shown by relevant authorities.

On April 30, 2011, more than twenty (20) years after Plaintiff voluntarily vacated the subject property, Plaintiff sold an unrelated residence and subsequently purchased another. For reasons that have never been determined, the Tarrant County Tax Assessor-Collector began directing Plaintiff's *ad valorem* tax bills for the subject property to Plaintiff despite the fact that they had been continuously sent to the subject property address for more than twenty-five (25) years previously. As a result, the *ad valorem* tax bills for 2011 and 2012 were apparently delivered to Plaintiff's new address.

As Plaintiff received the tax bills during the next two years in question, as well as the late notice reminders that would also have been sent by the tax assessor-collector's office, she did nothing to address the issue: she did not pay the multiple bills; she did not mark them as delivered to the wrong address; she did not forward them to Goldblatt; and she did not contact the tax assessor-collector's office to inquire why she was receiving the bills or to correct the billing address. She did nothing.

After two years of her non-payment, on July 12, 2013, the City of Fort Worth filed suit against Plaintiff to collect the outstanding *ad valorem* taxes, penalties and interest. Again, she did nothing to address the issue.

In January 2014, Goldblatt was notified by lawyers for the City of Fort Worth that he was named in the suit even though all taxes in his account were paid up to date. He immediately set about determining the reason for the litigation.

On February 7, 2014, Goldblatt met with the City's counsel and wrote a check for all back taxes owed.

Five days after Goldblatt had cured the problem, on February 12, 2014, Plaintiff filed the instant partition lawsuit.

Nine weeks after filing the instant lawsuit, on April 19, 2014, Plaintiff's attorney wrote a letter to the parties in the tax suit admitting against interest Goldblatt's full payment of the subject taxes due which stated:

"It is my understanding that **Mr. Goldblatt has tendered the full amount due and owing** in the above referenced lawsuit." [emphasis added]

A true and correct copy of the said letter is attached for the convenience of the Court as **Exhibit C** and incorporated herein by reference for all purposes as if fully set forth *verbatim*. Goldblatt asks the Court to take Judicial Notice of the date and content of the said letter.

Four (4) weeks later, on May 13, 2014 – more that three months after Goldblatt's action to cure the issue – Goldblatt was served with the instant partition lawsuit.

On July 31, 2014, the City non-suited its action based on Goldblatt's payment of Plaintiff's delinquent taxes. At about the same time, the trial court dismissed all penalties and interest in the suit without opposition of the City of Fort Worth, validating Goldblatt's claim that he was not responsible for the non-payment of the subject *ad valorem* taxes.

Thus, based on the plain language of the 1991 Agreement, Plaintiff's attorney's admission against interest in his letter of April 19, 2014 and the tax court's dismissal of the penalties and interest based on Goldblatt's motion, it is clear that no controversy relating to any responsibility for Goldblatt to pay Plaintiff's *ad valorem* taxes on the subject property has ever existed, did not exist at the time suit was filed, at the time Goldblatt was served nor thereafter and cannot, therefore, serve as a basis of controversy between the parties.

By the time the instant suit was filed, and four (4) weeks before Goldblatt was served with process for the instant partition lawsuit, Goldblatt had voluntarily and proactively cured the *ad valorem* tax payment deficiency by all paying the subject *ad valorem* taxes that were due and owing against the subject property. Opposing counsel's letter of April 10, 2014[2] demonstrates Plaintiff's knowledge that no controversy existed prior to both the filing of the Plaintiff's Original Petition and service of process on Goldblatt. Thus, no controversy existed sufficient to

---

[2] Goldblatt was served with process in the instant lawsuit more than a month later, on May 13, 2014.

**KENN GOLDBLATT'S MOTION TO DISMISS PARTITION SUIT FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR HEARING TO DETERMINE PARTIES' EQUITY SHARES** **Page 5**

establish standing for Plaintiff to file and maintain the instant partition litigation as a matter of law – and Plaintiff and her attorney knew, or should have known, that to be the case.

**Partition, Contracts and the Right to Reside on the Property**

Although owners of land generally have the right to partition their realty, they can waive that right through expressed or implied agreement. *Lichtenstein v. Lichtenstein Building Corp.*, 442 S.W.2d 765, 769 (Tex.Civ.App.--Corpus Christi 1969, no writ), citing *Warner v. Winn*, 191 S.W.2d 747 (Tex.Civ.App.--San Antonio 1945, writ ref'd n.r.e.). If they so agree, the party who seeks a partition will be estopped from asserting such right. *Odstrcil v. McGlaun*, 230 S.W.2d 353, 354-55 (Tex.Civ.App.--Eastland 1950, no writ). Consequently, the relinquishment of that right has been characterized as an estoppel or waiver. See *Davis v. Davis*, 44 S.W.2d 447, 450 (Tex.Civ.App.--Texarkana 1931, no writ )

The defenses of estoppel and waiver are affirmative in nature and must be pled or they will be waived. Tex. R. Civ. P. 94. *Johnston v. McKinney American, Inc.*, 9 S.W.3d 271, 281 (Tex.App.--Houston [14th Dist.] 1999, pet. denied) (where an affirmative defense is not pleaded or tried by consent, it is waived.). **Goldblatt specifically points out to the Court that through the subject Agreement** – which was drafted by Litman and must construed against her[3] – **Plaintiff specifically waived her right to "possess" the subject property by contract.**

**Exceptions to Partition**

**The right to partition was never intended to interfere with contracts that expressly or impliedly denied or limited that right.** 40 Am.Jur. 5; 132 A.L.R. 667 *et seq*. **is impermissible.** Plaintiff agreed by contract drafted by Litman

**". . . That the parties agree that Kenn Goldblatt has the right to reside at the property and Viqui Litman will make no claim to reside there."**

Texas authorities are clear that **the right to partition between co-owners can be waived or contracted away.** Those authorities are consistent in denying partition when to do so would abrogate contractual rights. 44 Tex.Jur.2d 5, p. 251; 132 A.L.R. 666. Such is the situation here.

Within the four corners of the contract, Litman stated that

1) Goldblatt and Litman owned the subject property as "joint tenants;"

---

[3] Texas law provides that contracts are to be construed against the drafter. See *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 559 (Tex. App—Austin 1999, pet. denied) ("As a general rule, *writings are construed strictly against the author and in a manner so as to reach a reasonable result that is consistent with the intent of the parties*." [emphasis added]); *Lyon*, 284 S.W.2d at 921; see also *Key Prod. Co*., 2013 Tex.App. LEXIS 4074, at *10 as cited in *Gonyea v. Kerby*, 10-12-00182-CV (Tex.App. Dist.10 2013).

**KENN GOLDBLATT'S MOTION TO DISMISS PARTITION SUIT FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR HEARING TO DETERMINE PARTIES' EQUITY SHARES**          **Page 6**

2) Litman had not resided on the property since January 1, 1989 (then a period of over two (2) years; now a period of over twenty-six (26) years);

3) Goldblatt had paid all **mortgage payments** since January 1, 1989 (and did so through the retirement of the indebtedness in 2005);

4) Litman (without reservation) would make no claim to reside on the subject property, and

5) Goldblatt would make no claim against Litman for repayment of **the mortgage indebtedness**. (No other mention, however, was made as to waiver of any other liabilities relating to the subject property, such as *ad valorem* taxes, maintenance, repairs, insurance, etc.). (See Exhibit B)

By that contract language, Plaintiff impliedly agreed not to partition and is now estopped from asserting partition. *Davis v. Davis*, Tex.Civ.App., 44 S.W.2d 447, 450; *Elrod v. Foster*, Tex.Civ.App., 37 S.W.2d 339, 343 (Writ Ref.); *Warner v. Winn*, Tex.Civ.App., 191 S.W.2d 747, 751 (Ref.N.R.E.); *Barkley v. Stone*, Tex.Civ.App., 195 S.W. 925, 926 (Writ Ref.); 47 C.J. 321, 322.

The contract between the parties states no time limit for performance.[4] *"The determination that an agreement is sufficiently definite is favored."* 17 Am.Jur.2d, Contracts, 75, p. 414, citing *Portland Gasoline Co. v. Superior Marketing Co.*, 150 Tex. 533, 243 S.W.2d 823 (1951). *This is particularly true where* [as here] *one of the parties has performed his part of the contract.* [emphasis added] Am.Jur.2d, Contracts, 75, p. 415; *Id.* 78, p. 418, and 80, p. 420.

The partitioning court can adjust the equities. **The general rule is well settled that partition will not be granted at the suit of one in violation of his [or her] own agreement.** *Mary Ann Spires v. Kenneth Leon Hoover* No. 6133, 466 S.W.2d 344 (Tx.Civ.App., 8th El Paso, 1971) Such agreement operates as an estoppel against the right to partition.

In this case, the plain language of the 1991 Agreement was to meant to relieve Litman of the indebtedness for the subject property's **mortgage** in return for her permanent waiver of claims of possession. It strains credulity to believe that Goldblatt would assume tens of thousands of dollars of mortgage (and other) debt and voluntarily pay additional funds for taxes, insurance, maintenance and repairs (totaling well more than the initial purchase price of the subject property) while allowing Litman to maintain ownership claims to the subject property to

---

[4] Where a contract is silent as to the time it is to run, or provides that it is to run for an indefinite term, it is not invalid for that reason. *Byrd v. Crazy Water Co.*, 140 S.W.2d 334 (Tex.Civ.App., Dallas 1940, no writ); *Island Lake Oil Co. v. Hewitt*, 244 S.W. 193 (Tex.Civ.App., Beaumont 1922, writ dism'd); 17 Am.Jur.2d, Contracts, 486, pp. 956, 957.

which she had contributed no personal funds for down payment or mortgage payments and other expenses before, while or after she resided on the subject property.

*Davis v. Davis*, *supra*, *Warner v. Winn*, 191 S.W.2d 747 (ref. n.r.e.), and *Elrod v. Foster*, 37 S.W.2d 339 (wr.ref.) hold, in effect, that an agreement against partition may be ***implied*** when the granting of such relief would destroy the estate sought to be partitioned. In each of the Texas cases cited, the express or implied agreement against partition was (as here) to accomplish a particular purpose. *Moynihan on Real Property*, p. 130.

**The Right to Offsets**

Finally, under the relevant authorities, Goldblatt is entitled to substantial offsets against Plaintiff's claims. ***On partition, a co-tenant who expends funds necessary to protect or preserve the common property is entitled to have those expenditures charged to the tenants in common according to their* pro rata *ownership.*** *McGehee*, 2010 WL 1241300, at *3 (citing *Gonzalez v. Gonzalez*, 552 S.W.2d 175, 181 (Tex.Civ.App.--Corpus Christi 1977, writ ref'd n.r.e.); *Wooley v. West*, 391 S.W.2d 157, 160 (Tex. Civ.App.--Tyler 1965, writ ref'd n.r.e.)). [emphasis added] Expenditures necessary to preserve the common property include those for ***taxes, insurance, and repairs***. *Id*. [emphasis added] (citing *Duke v. Squibb*, 392 S.W.2d 885, 888 (Tex.Civ.App.--Texarkana 1965, no writ)).

**In the Alternative**

The partition statute in Texas mandates a two-step process to be performed by the trial court. Tex. R. Civ. P. 760, 761. Each step results in an appealable order. *Snow*, 242 S.W.3d at 572; *Woodland v. Wisdom*, 975 S.W.2d 712, 714 (Tex.App.--Texarkana 1998, no pet.). ***When the right to partition is invoked, the trial court must[5] first determine the interest owned by each owner, any questions of law or equity, and whether the property is susceptible to partition***. [emphasis added] Tex. R. Civ. P. 760, 761. A party opposing partition need not show that land is physically incapable of partition. *Cecola v. Ruley*, 12 S.W.3d 848, 855 (Tex. App.---Texarkana 2000, no pet.). The presumption in favor of partition in kind may be overcome by evidence that the opposing party would incur substantial economic loss because the value of his or her divided share would be materially less than its share of the undivided whole. *Id*. In this case, the absence of any equity due Plaintiff makes partition both inequitable, unlawful and a waste of judicial

---

[5] The statute specifically designates "the trial court" as the finder of fact, and the use of the word "must" makes the required action mandatory.

resources.

*In the first phase*, yielding a separate appealable order, the trial court determines the share or interest of each joint owner or claimant, and all questions of law or equity affecting the title to such land; decides whether the property is susceptible to partition; and appoints three commissioners to partition the property in accordance with the respective shares or interests of each of such parties entitled thereto. *Snow*, 242 S.W.3d at 572; see Tex. R. Civ. P. 760, 761. Considerations warranting awarding a particular portion of the property to one party must be made to the fact-finder at the time. *Snow*, 242 S.W.3d at 572.

*Next*, commissioners must be appointed to make the actual division of property. *Id*. The commissioners' written report must describe, *inter alia*, the property division and the estimated value of each share. Tex. R. Civ. P. 769. When the commissioners' report is filed, the clerk must immediately mail written notice of the report to all parties. *Id*. Either party to the suit may file objections to the report within thirty days[6] of the report's filing, thereby requiring trial of the issues. Tex. R. Civ. P. 771. In a second partition decree, the trial court either approves the commissioners' report and partitions the property, or rejects the report and appoints new commissioners if it finds the existing report to be erroneous, unequal or unjust. *Id*.; *Snow*, 242 S.W.3d at 572.

If this Court finds that Plaintiff has standing to pursue the claims of her Original Petition, Goldblatt asks the Court to immediately schedule an evidentiary hearing to determine the percentages of the parties' shares of equity in the subject property as required by the stated terms of the Texas partition statute. *Snow v. Donelson, 242 S.W.3d 570  572 (Tex.App.--Dist.10 2007)*; *Woodland v. Wisdom*, 975 S.W.2d 712, 714 (Tex.App.--Texarkana 1998, no pet.).

## CONCLUSION

Plaintiff has brought a meritless suit against Goldblatt from a number of points of view. First, she had (and has) no standing for a partition suit as filed. Second, Plaintiff contracted to permanently waive her residency rights to the subject property and therefore contracted her "possession" of the subject property away by the 1991 Agreement between the parties thereby abandoning a necessary element required for a partition action in Texas and is therefore estopped from partition. Finally, any computation of equity regarding the subject property cannot yield

---

[6] Rule 771 requires that any objection to the commissioners' report be made within thirty days of the date the report is filed, or it is waived. Tex. R. Civ. P. 771; *Snow*, 242 S.W.3d at 573. Untimely challenges to the commissioners' report in conformity with the Texas Rules of Civil Procedure are waived. Snow, 242 S.W.3d at 573.

**KENN GOLDBLATT'S MOTION TO DISMISS PARTITION SUIT FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR HEARING TO DETERMINE PARTIES' EQUITY SHARES**                    **Page 9**

any positive balance due Plaintiff after more than twenty-five (25) years of her voluntary exit from the property, more than twenty-four (24) years after her participation in the 1991 Agreement related to Goldblatt's unchallenged, exclusive residence on the subject property and his payments of various bills related to the subject property that are permitted offsets against any equity claimed by Plaintiff. Therefore, as a matter of law, Goldblatt is entitled to judgment of his exclusive fee simple ownership of the subject property under any theory of ownership currently before the Court.

Respectfully submitted,

//s// Kenn Goldblatt_____
Defendant Counter-Plaintiff, *Pro se*
5312 Woodway Drive
Fort Worth, Texas 76133
Phone: 817-294-3600
e-mail: kenn.goldblatt@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to Viqui Litman's counsel of record as follows on this the __th day of August 2015, via e-mail by agreement of the parties:

John Wolffarth, Esq.
State Bar No. 24051543
LOE, WARREN, ROSENFIELD, KAITCER, HIBBS,
WINDSOR, LAWRENCE & WOLFFARTH, P.C.
Attorneys for Plaintiff
4420 W. Vickery Blvd.
P.O. Box 100609
Fort Worth, Texas 76185-0609
Phone: (817) 377-0060
Fax: (817) 377-1120
Email: jwolffarth@loewarren.com

//s// Kenn Goldblatt_____
**KENN GOLDBLATT**

# EXHIBIT A



153-270555-14

352-270555-14

FILED
TARRANT COUNTY
2/12/2014 1:23:33 PM
THOMAS A. WILDER
DISTRICT CLERK

IV.

## Background

The parties previously purchased, on or about December 4, 1984, the real property located at 3605 Wharton Drive, Fort Worth, Texas 76133, and more particularly described as Blk 47 Lot B, Wedgwood Addition to the City of Fort Worth, Tarrant County, Texas. The parties are co-owners of said property. Plaintiff's share in the above-described tract consists of an undivided one-half interest held in fee simple. Defendant owns the remaining one-half interest in said property.

Plaintiff is informed and believes, and so alleges, that the above-described and owned interest comprise the total ownership of the tract sought to be partitioned pursuant to Rule 756 *et seq* of the Texas Rules of Civil Procedure.

V.

Plaintiff would show that difficulties, including Defendant's failure to pay ad valorem taxes, have rendered their continued co-ownership of property unjust and impractical. Plaintiff would show that the property made the subject of this lawsuit is incapable of a fair and equitable division and requests that the Court make proper orders for the sale of said property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon hearing, Plaintiff have the following:

1.      A determination of the respective share of each joint owner to the property;

2.      A determination that the property is not capable of a fair and equitable division and therefore the same should be sold;

3.      That the proceeds of such a sale be partitioned as determined by the Court;

---

# EXHIBIT B

153-270555-14

This Agreement, made this 10th day of July, 1991, between KENN GOLDBLATT and VIQUI LITMAN regarding real property owned by them as joint tenants and known as 3605 Wharton Drive, Fort Worth, Texas 76133, subject to a mortgage loan from Colonial Savings and Loan states as follows:

Since January 1, 1989, the property has been occupied by Kenn Goldblatt, and Viqui Litman has not resided at the property.

Since January 1, 1989, Kenn Goldblatt has assumed the mortgage payments to Colonial Savings and Loan for the property.

That the parties agree that Kenn Goldblatt has the right to reside at the property and Viqui Litman will make no claim to reside there.

That Kenn Goldblatt assumes all responsibility for the mortgage loan to Colonial Savings and Loan and will make no claim against Viqui Litman for repayment of the indebtedness.


Kenn Goldblatt
3605 Wharton Drive
Fort Worth, Texas 76133
(817) 294-3600

Viqui Litman
6220 G Horton Circle
Fort Worth, Texas 76163
(817) 346-6452

# EXHIBIT C

## LOE, WARREN, ROSENFIELD, KAITCER, HIBBS, WINDSOR, LAWRENCE & WOLFFARTH, P.C.

H.J. Loe (1911-1987)
William M. Warren
Mark J. Rosenfield
Jeffrey N. Kaitcer • ◆
Kelcie A. Hibbs °
Mike Windsor •
Stephen D. Lawrence
John R. Wolffarth

ATTORNEYS AT LAW

4420 W. Vickery Boulevard
P.O. Box 100609
Fort Worth, Texas 76185-0609
Phone: 817.377.0060   Fax: 817.377.1120
www.loewarrenlaw.com

◆ Board Certified
Civil Trial Law

• Board Certified
Family Law

◆ Board Certified
Personal Injury Trial Law

° Board Certified
Estate Planning & Probate Law

Texas Board of Legal
Specialization

April 10, 2014

Stephen Meeks,
LINEBARGER GOOGAN
BLAIR & SAMPSON, LLP, 100
Throckmorton, Suite 300
Fort Worth, Texas 76102
via facsimile 817/877-0601

Kenn Goldblatt
3605 Wharton Drive
Fort Worth, Texas 76133
via regular mail and electronic mail:
kenn.goldblatt@gmail.com

RE:   Cause B47245-13; City of Fort Worth, Et al v. Viqui Litman, et al

Gentlemen,

It is my understanding that Mr. Goldblatt has tendered the full amount due and owing in the above referenced lawsuit. However, by his answer, he has also asserted a claim that he is the sole owner of the subject property. My client disputes that claim and believes Mr. Goldblatt's obligation to pay the taxes made subject to the lawsuit is based upon a prior agreement between them, and not because he is the sole owner of the property. That said, as payment has been tendered, I propose that this lawsuit be dismissed as to all parties and that Mr. Goldblatt's adverse possession claim be transferred into Ms. Litman's suit for partition previously filed in the 352nd District Court (but for which citation has not yet been issued), a copy of which is enclosed herewith. I would be happy to prepare a motion and order to that effect. Please let me know your thoughts on this proposal.

Sincerely,

John Wolffarth

Enclosure

LW